# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GERRY RUFF,**

    **Plaintiff,**

    v.

**CREDIT ADJUSTMENT, INC.,**

    **Defendant.**

Case No. 2:18-cv-351
JUDGE GEORGE C. SMITH
Magistrate Judge Jolson

## OPINION AND ORDER

Presently pending before the Court is Plaintiff Gerry Ruff's Motion to Strike the Answer and certain affirmative defenses asserted by Defendant, Credit Adjustment, Inc. (Doc. 11)[1]. Defendant responded (Doc. 12) and Plaintiff's time to file a reply has lapsed. Accordingly, the motion is ripe for disposition. For the reasons that follow, Plaintiff's Motion to Strike is **DENIED**.

### I. BACKGROUND

Plaintiff filed a complaint against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(1), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 2277. (Doc. 5). Plaintiff first alleges that Defendant has charged Plaintiff unauthorized and unverified "[i]nterest and other fees on an alleged debt[.]" (Doc. 5, Compl. ¶¶ 8–9). Plaintiff further alleges that on at least two separate occasions,

---

[1] Although Plaintiff has titled this filing "Motion to Strike Defendant [sic] Answer and Affirmative Defense [sic]," Plaintiff has only raised arguments to strike certain affirmative defenses. As such, this Court will only rule on Plaintiff's Motion to Strike these affirmative defenses.

Defendant—a debt collector—contacted Plaintiff through the use of an automated dialer without Plaintiff's consent. (*Id.* at ¶¶ 11–12).

Defendant timely answered Plaintiff's allegations and pleaded seven affirmative defenses. These defenses state:

(1) Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event [Defendant] is found to be a debt collector as defined in FDCPA, which is denied, any such violation(s) was not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

(2) Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of [Defendant], or for whom [Defendant] is not responsible or liable.

(3) Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate damages or take other reasonable steps to avoid or reduce his damages

(4) [Defendant] denies any liability; however, regardless of liability, Plaintiff has suffered no damages as a result of the alleged violations of law.

(5) Plaintiff's claims are barred in whole or in party by the applicable statute of limitations, res judicata, and/or collateral estoppel, and the doctrine of unclean hands.

(6) The phone calls made to plaintiff, if any, are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(b)(2)(B), and 47 C.F.R. § 64.1200(a).

(7) One or more of the calls was made by equipment that did not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers; one or more of the calls was made without using an artificial or prerecorded voice.

(Doc. 9, Ans. at 6–7). Plaintiff now moves to strike Defendant's First, Second, Sixth, and Seventh Affirmative Defenses, in whole, and to partially strike Defendant's Fifth Affirmative Defense. (Doc. 11).

## II. STANDARD OF REVIEW

Rule 12 permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "because of the

practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 809, 822 (6th Cir. 1953) (citation omitted).

Motions to strike are generally disfavored, but such motions "should be granted if 'it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.' " *Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991)). When ruling on a motion to strike, an affirmative defense will survive if it is pleaded in general terms and " 'gives plaintiff fair notice of the nature of the defense.' " *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274). Plaintiff has "fair notice" of the defense " 'if the defendant sufficiently articulate[s] the defense so that the plaintiff [is] not a victim of unfair surprise.' " *Mills v. United Producers, Inc.*, No. 11-13148, 2012 WL 3870220, at *23 (E.D. Mich. Sept. 6, 2012) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)).

### III. DISCUSSION

Plaintiff asserts that Defendant's First, Second, Fifth, Sixth, and Seventh Affirmative Defenses must be stricken because: (1) the pleadings do not give Plaintiff fair notice; (2) Defendant asserts inapplicable defenses; (3) the defenses are immaterial; and (4) Defendant failed to sufficiently plead the defenses with particularity. (Doc. 11, Mot. at 1).

There is a split amongst the district courts as to whether the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) are applicable to affirmative defenses. The Sixth Circuit has not weighed in on this issue. *See Herrera v. Churchill*

3

*McGee, LLC*, 680 F.3d 539, 547 n.6 (6th Cir. 2012) ("We therefore have no occasion to address, and express no view regarding, the impact of . . . *Twombly* . . . and *Iqbal* . . . on affirmative defenses[]"); *Sprint Solutions Inc. v. Shoukry*, No. 2:14-CV-127, 2014 WL 5469877, at *2 (S.D. Ohio Oct. 28, 2014) (Sargus, J.) (acknowledging the district courts' split and declining to apply *Twombly/Iqbal* pleading standards to affirmative defenses); *Doe by and through Doe v. Bd. Of Educ. Of Highland Local Sch. Dist.*, No. 2:16-CV-254, 2017 WL 3588727, at *2 (S.D. Ohio Aug. 21, 2017) (Marbley, J.) (acknowledging district courts' split and applying *Twombly/Iqbal* pleading standard to affirmative defenses).

Neither the Supreme Court[2] nor the Sixth Circuit have explicitly held that the *Twombly/Iqbal* pleading standard applies to affirmative defenses; as such, this Court declines to do so. Declining to apply the *Twombly/Iqbal* standard to defenses is consistent with Rule 8. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Conversely, Rule 8(c)(1) merely requires that "[i]n responding to a pleading a party must affirmatively state any avoidance or affirmative defense. . . ." Fed. R. Civ. P. 8(c)(1); *see also Sprint Solutions*, 2014 WL 5469877, at *2 (finding that the *Twombly/Iqbal* pleading standard does not apply to affirmative defenses because of the contrasting language of Rule 8(a)(2) and Rule 8(c)(1)).

**A.** ***Bona Fide* Error**

The first issue before the Court is whether Defendant sufficiently pleaded the *bona fide* error defense found in 15 U.S.C. § 1692k(c).[3] The Sixth Circuit has not offered guidance as to

---

[2] Facially, *Twombly* only applies to pleadings under Rule 8(a)(2), as the Court merely interpreted the requirement of " 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)). Likewise, the Court's decision in *Iqbal* focused solely on the plaintiff's pleading burden under Rule 8(a)(2). *Iqbal*, 556 U.S. at 677–687.

[3] Section 1692k(c) provides that: "[a] debt collector may not be held liable . . . if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

4

which pleading standard is required when pleading a *bona fide* error defense. Defendant proffers "that a majority of courts (including those within this Circuit) reject" applying Rule 9(b)'s heightened pleading standards to the *bona fide* error defense. (Doc. 12, Res. at 4). However, such a broad statement seems to oversimplify this issue.

Several district courts have required a defendant to plead a *bona fide* error defense with particularity, pursuant Rule 9(b). *See Martin v. Trott Law, P.C.*, 265 F.Supp.3d 731, 740 (E.D. Mich. 2017); *Walters v. Performant Recovery, Inc.*, 124 F.Supp.3d 75, 82 (D. Conn. 2015); *Arnold v. Bayview Loan Servicing, LLC, et al.*, No. 14-0543, 2016 WL 375154, at *7 (S.D. Ala. Jan. 29, 2016); *Nguyen v. HOVG, LLC*, No. 14CV837, 2014 WL 5361935, at *2 (S.D. Cal. Oct. 20, 2014); *Balon v. Enhanced Recovery Co., Inc.*, 316 F.R.D. 96, 103 (M.D. Pa. 2016); *Wiebe v. Zakheim & Lavrar, P.A.*, No. 6:12-CV-1200, 2012 WL 5382181, at *2 (M.D. Fla. Nov. 1, 2012); *Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, No. 07 C 5338, 2008 WL 2061551, at *1 (N.D. Ill. May 14, 2008); *Vanhuss v. Kohn Law Firm S.C.*, 127 F.Supp.3d 980, 984 (W.D. Wis. 2015); *Savage v. Citibank N.A.*, No. 14-CV-03633, 2015 WL 4880858, at *2 (N.D. Cal. Aug. 15, 2015); *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 537 (D. Md. 2010); *Rahman v. San Diego Accounts Serv.*, No. 16CV2061, 2017 WL 1387206, at *3 (S.D. Cal. Apr. 18, 2017); *Randolph & Tabetha Sellers v. Rushmore Loan Mgmt. Servs., LLC*, No. 3:15-CV-1106, 2016 WL 11431489, at *4 (M.D. Fla. May 26, 2016); *Walker v. Credit Control Servs., Inc.*, No. 8:15-CV-1114, 2015 WL 4571158, at *2 (M.D. Fla. July 28, 2015).

On the other hand, several district courts have specifically rejected the argument that a defendant is required to plead a *bona fide* error defense with particularity. *See Amaya v. Crowson & Crowson, LLP*, No. EP-13-CV-00130, 2013 WL 12126784, at *2 (W.D. Tex. Aug. 19, 2013); *Prindle v. Carrington Mortg. Servs., LLC*, No. 3:13-CV-1349, 2016 WL 9504253, at

\*4 (M.D. Fla. May 27, 2016); *Saeedi v. M.R.S. Assocs., Inc.*, No. C 07-01584, 2007 WL 1875975, at \*1 (N.D. Cal. June 28, 2007); *Talamor v. I.C. Sys., Inc.*, No. A-16-CV-0435, 2016 WL 8674348, at \*2 (W.D. Tex. Aug. 30, 2016).

A number of courts have simply applied Rule 8 without addressing the applicability of Rule 9 to this affirmative defense. *See Whitehead v. Discover Bank*, No. 15-C-0261, 2015 WL 11017803, at \*1–\*2 (E.D. Wis. Nov. 20, 2015) (applying Rules 8(b) and (c)); *Harris v. Nationstar Mortg., LLC*, No. 8:13-CV-2610, 2014 WL 11332305, at \*3 (S.D. Fla. Apr. 23, 2014) (same); *Brown v. Jungers*, No. 8:08CV451, 2009 WL 159700, at \*2–\*3, \*5 (D. Neb. Jan. 22, 2009) (same); *Michaud v. Greenberg & Sada, P.C.*, No. 11-CV-01015, 2011 WL 2885952, at \*4 (D. Colo. July 18, 2011) (same); *Sewell v. Allied Interstate, Inc.*, No. 3:10-CV-113, 2011 WL 32209, at \*8 (E.D. Tenn. Jan. 5, 2011) (same); *Hahn v. Best Recovery Servs., LLC*, No. 10-12370, 2010 WL 4483375, at \*2–\*3 (E.D. Mich. Nov. 1, 2010) (same); *Williamson v. Unifund CCR Partners*, No. 8:08CV218, 2009 WL 187702, at \*2–\*3, \*5 (D.Neb. Jan. 23, 2009) (same); *Denova v. Ocwen Loan Servicing, LLC*, No. 8:17-CV-02204-23, 2018 WL 1832901, at \*6 (M.D. Fla. Jan. 25, 2018) (same); *Husainy v. Allied Collection Serv., Inc.*, No. 4:15-CV-95, 2016 WL 1604825, at \*2 (N.D. Ind. Apr. 22, 2016) (same); *see also Gandeza v. Brachfeld Law Grp.*, No. C 13-0818, 2013 WL 3286187, at \*2 (N.D. Cal. June 27, 2013) (applying *Twombly*/*Iqbal* pleading standard); *Burns v. Dodeka, LLC*, No. 4:09-CV-19, 2010 WL 1903987, at \*1 (N.D. Tex. May 11, 2010) (same); *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 235 (E.D. N.C. 2010) (same); *Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 259-60 (W.D. N.Y. 2012) (same); *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-033230, 2012 WL 1029425, at \*10 (N.D. Cal. Mar. 26, 2012) (same); *Nyberg v. Portfolio Recovery Assocs., LLC*, No. 3:15-

CV-01175, 2016 WL 3176585, at *4 (D. Or. June 2, 2016) (same); *Jacobson v. Persolve, LLC*, No. 14-CV-00735, 2014 WL 4090809, at *8 (N.D. Cal. Aug. 19, 2014) (same).

Whereas other courts have acknowledged this split amongst the district courts and have declined to decide whether a Rule 9 pleading standard is required for *bona fide* error defenses. *See Robinson v. Nat'l Credit Sys., Inc.*, No. 2:17-CV-386, 2018 WL 1877462, at *4 n.2 (M.D. Fla. Apr. 19, 2018); *Roth v. Nationstar Mortg., LLC*, No. 2:15-CV-783, 2016 WL 7094023, at *3 n.3 (M.D. Fla. Dec. 6, 2016); *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 490–91 (S.D. Cal. 2013).

Simply put, district courts have varied widely with their approach to which pleading standard a defendant must meet when asserting a *bona fide* error defense. This Court recognizes the district courts' split and finds that, absent further guidance from the Sixth Circuit, the Court shall apply this Circuit's Rule 8 pleading requirement to a *bona fide* error defense. Thus, a *bona fide* error defense "may be pleaded in general terms" and not be stricken "as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence*, 182 F. App'x at 456 (citation and internal quotations omitted).

Defendant's Answer provides Plaintiff with fair notice of the nature of the *bona fide* error defense. The determination of whether Defendant can factually support this affirmative defense will be unveiled through the discovery process. As of now, there are facts "inferable from the pleadings" that could support Defendant's *bona fide* error defense. Thus, striking Defendant's *bona fide* error defense, at this time, would be improper. Accordingly, the Court denies Plaintiff's Motion to Strike Defendant's first affirmative defense.

**B.     Harm was not Legally and Proximately Caused by Defendant**

The second issue before the Court is whether Defendant's second affirmative defense: 1) is permitted under the Rules and the Code; and 2) provides Plaintiff with sufficient notice as to

7

the nature of the defense. Rule 8(c) requires a defendant to "affirmatively state *any* avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c)(1) (emphasis added). The list of affirmative defenses enumerated in Rule 8(c) is non-exhaustive, as indicated by the plain language of the rule. *See id*. Although Defendant's second affirmative defense is not specifically mentioned in Rule 8(c), nevertheless, it is "a matter constituting avoidance," and an affirmative defense that is properly raised in Defendant's Answer.

Defendant's general pleading of its second affirmative defense has fairly notified Plaintiff of the nature of this defense. Furthermore, it is not inferable from the pleadings that the defense cannot prevail. Thus, the Court denies Plaintiff's Motion to Strike Defendant's second affirmative defense.

**C.     Res Judicata**

Plaintiff next moves this Court to strike Defendant's affirmative defense of res judicata asserting Defendant has not identified the previous judgment affecting the current case. (Doc. 11). However, "an affirmative defense asserting nothing more than a statement that plaintiff's claims were barred by the doctrine of res judicata [is] sufficient," and properly notifies a plaintiff of such a defense. *Powers v. Fifth Third Mortg. Co.*, No. 1:09-CV-2059, 2011 WL 3418290, at *3 (N.D. Ohio July 8, 2011) (citing *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998)). By pleading the affirmative defense of res judicata in Defendant's fifth affirmative defense, Defendant has provided Plaintiff with fair notice of this defense. The Court denies Plaintiff's Motion to Strike Defendant's res judicata affirmative defense.

**D.     Doctrine of Unclean Hands**

Plaintiff contends that the doctrine of unclean hands is not a defense available to Defendant and that Defendant has failed to provide Plaintiff with fair notice as to the nature of this defense. (Doc. 11, Mot. at 3). The list of affirmative defenses in Rule 8(c)(1) is non-

8

exhaustive. Fed. R. Civ. P. 8(c)(1). Because Defendant is seeking to avoid liability through the doctrine of unclean hands, Rule 8(c) permits such avoidance to be pleaded in Defendant's Answer. *See id.*

The doctrine of unclean hands is available as an affirmative defense when a plaintiff seeks equitable relief. *See e.g. Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1383 (6th Cir. 1995). Plaintiff is seeking equitable relief. (Doc. 5, Compl. at 4, 5). Defendant has properly pleaded this material affirmative defense to give Plaintiff fair notice of the nature of the defense. *See Sprint Solutions*, 2014 WL 5469877, at *4 (holding that an affirmative defense that merely stated "Complaint is barred by Plaintiffs' unclean hands" gave Plaintiff fair notice of defense). Thus, the Court denies Plaintiff's Motion to Strike Defendant's affirmative defense based on the doctrine of unclean hands.

E.  **Exempt from Telephone Consumer Protection Act Liability**

Plaintiff moves to strike Defendant's sixth affirmative defense; that Defendant is exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(b)(2)(B), and 47 C.F.R. § 64.1200(a). (Doc. 11, Mot. at 3). Plaintiff asserts that Defendant's sixth affirmative defense failed to provide Plaintiff with fair notice as to the nature of the defense. (*Id.*). However, there are facts, "inferable from the pleadings," that could support this defense. Additionally, Defendant's general pleading is sufficient as to give Plaintiff fair notice of the nature of the defense. Therefore, the Court denies Plaintiff's Motion to Strike Defendant's sixth affirmative defense.

F.  **Defendant did not have the Capability to Conduct Allegations in Count 2**

Lastly, Plaintiff seeks to strike Defendant's seventh affirmative defense, again asserting that the affirmative defense does not provide Plaintiff with sufficient notice. (Doc. 11, Mot. at 3–4). Plaintiff's argument is unpersuasive. Defendant's Answer fairly notifies Plaintiff as to the

nature of the defense and is not insufficient as a matter of law because from the facts "inferable from the pleadings" a "state of the facts" could be proven to support the claim that Defendant did not have the capability to auto-dial Plaintiff. *See G & W Const. Co.*, 783 F.3d at 1050 (citation and internal quotations omitted). As such, the Court denies Plaintiff's Motion to Strike seventh affirmative defense.

## IV. CONCLUSION

Accordingly, it is ordered that Plaintiff's Motion to Strike certain affirmative defenses (Doc. 11) is **DENIED**.

The Clerk shall remove Document 11 from the Court's pending motions list.

**IT IS SO ORDERED.**

 *s/ George C. Smith*  
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**